IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO PEREA, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) Jury Demanded ) ) |
| v. | ) ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Mario Perea, by his attorneys, The Law Office of M. Kris Kasalo, Ltd., states as follows for his Class Action Complaint against Defendant Portfolio Recovery Associates, LLC:

## NATURE OF THE CASE

1. This is a consumer class action based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Specifically, Defendant sent a letter to Plaintiff and other putative class members seeking to collect on alleged time-barred debt without disclosing: that Defendant could not sue on the alleged debt because it is time barred, that making even a partial payment on the alleged debt would revive the ability to sue on the alleged debt, or that the Defendant may not, by law, communicate or "report" any information regarding the alleged debt to a credit bureau because of the age of the debt.

## PARTIES

2. Plaintiff is an individual who resides in this District, and is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendant sought to collect from him is a consumer debt, incurred for personal, family and household purposes and allegedly owed originally to Citibank, N.A.

3. Defendant Portfolio Recovery Associates, LLC is a buyer of defaulted consumer debts with its principal place of business in Norfolk, Virginia.

4. Defendant purchases defaulted consumer debts and attempts to collect them via litigation, credit reporting via consumer credit reports, the mailing of letters, and via telephone calls.

5. Defendant has had judgments entered against it under the provisions of the FDCPA, which provision only applies to "debt collectors" as that term is understood under section 1692a(6). See, *i.e.*, *Paz v. Portfolio Recovery Assocs., LLC*, No. 14 C 9751, 2017 U.S. Dist. LEXIS 213457 (N.D. Ill. Aug. 2, 2017) (judgment entered for consumer for maximum statutory damages after trial in an FDCPA case).

6. For the debts it can legally cause to be credit reported, Defendant regularly communicates credit information to the TransUnion, Equifax and Experian consumer credit reporting agencies, whose headquarters are located in different states than Defendant's principal place of business.

7. Defendant's agreement with each of the TransUnion, Equifax and Experian credit reporting agencies provides in part that Defendant will only cause *consumer* debts to be credit-reported.

8. Defendant previously caused information regarding Plaintiff's alleged debt to be reported on his credit report.

9. Defendant's principal purpose is the collection of defaulted consumer debts via interstate commerce as it derives almost all of its income from the collection of the said debts.

10. Defendant states on its letter mailed to Plaintiff, dated February 13, 2018, in part that "This communication is from a debt collector and is an attempt to collect a debt." (Exhibit A, Letter).

11. Defendant is thus a debt collector as that term is defined under section 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

13. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS

14. Plaintiff opened an account with Citibank N.A. in connection with a Sears credit card, on which he made consumer, non-business purchases of goods and services such as food, gas and household goods. ("alleged debt").

15. Plaintiff could not thereafter afford to continue making payments, and defaulted on the account.

16. Defendant asserts to have purchased the account after default.

17. On or around February 13, 2018, Defendant mailed Plaintiff a letter ("Letter") seeking to collect on the alleged debt.

18. A true and correct copy of the Letter dated February 13, 2018 is attached as Exhibit A, except that the Letter that was mailed did not have the account number redacted.

19. The Letter is a "communication" as that term is defined by § 1692a(2) of the FDCPA, as it was mailed in connection with the collection of the alleged debt.

20. The Letter sought to collect on an alleged debt purported to be owned by Defendant.

21. The Letter reads in part as follows: **The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. In addition, we will not restart the statute of limitations on the debt if you make a payment.** (Exhibit A, Letter).

22. The alleged debt is time-barred, as the statute of limitations period of Illinois for filing a lawsuit to collect on the alleged debt had already expired when Defendant mailed the Letter.

23. Plaintiff was confused when he received the Letter, as he was unaware of whether Defendant could legally sue him to collect the alleged debt if it changed its mind.

24. Plaintiff was also confused as to whether Defendant could cause *other* credit information regarding the alleged debt to be reported, aside from "payment or non-payment" information, to a "credit bureau". For example, Plaintiff did not know whether any information regarding the alleged debt could appear on his credit report, such as whether the debt was charged off, or whether the fact that the debt was even owed at all could appear on his credit report.

25. Defendant attempted to coerce Plaintiff into paying the alleged debt via statements made and via information omitted in the Letter.

26. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation*, 271 Ill.App. 271, 273 (4th Dist. 1933).

27. The Letter failed to disclose to Plaintiff that the alleged debt was time-barred by the relevant statute of limitations, 735 ILCS 5/13-205, and that Defendant could not sue Plaintiff for the alleged debt.

28. The Letter gave Plaintiff various options to settle the debt.

29. The Letter failed to disclose to Plaintiff that if he paid anything toward the alleged debt, or even agreed to pay anything toward the alleged debt, the legal ability to sue on the alleged debt would be revived, thus restarting the statute of limitations.

30. The Letter failed to disclose that Plaintiff had the option to not pay the Defendant because it could not take legal action to collect the alleged debt.

31. It is well-settled in Illinois that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

32. By failing to indicate that Defendant could not sue to collect the debt, and that payment toward the alleged debt could restart the statute of limitations, the Letter violates 15 U.S.C. §§1692e, 1692e(2), and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

33. The Letter also states that "**Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.**" (Exhibit A, Letter).

34. Threats to report debts to credit reporting agencies where more than 7 years and 180 days have passed from the date of first delinquency has been held to be deceptive and unfair in violation of the FDCPA, 15 U.S.C. §§ 1692 e, f. See *Gonzales v. Arrow Financial Srvs*., 660 F. 3d 1055, 1062 (9th Cir. 2011). Debts that are older than 7 years and 180 days from the date of first delinquency cannot be reported to a credit reporting agency. *Id*. at 1059.

35. The Letter falsely and deceptively suggests that Defendant may continue reporting information about the alleged debt via the credit bureaus, as long as it is information *other* than that related to '"payment or non-payment" when in fact, the law also limits the amount of time that it may report *any* information about the alleged debt to a credit bureau.

36. The Letter thus suggests that information such as the fact that an account is in default or charge-off, and/or the amount of the debt, may still be reported.

37. Plaintiff was confused, irritated, and mislead by the information contained in the Letter, as the Letter did not inform Plaintiff that the alleged debt at issue was could not be sued upon and/or that payment of any amount would reset the statute of limitations, and the Letter also falsely suggested that some credit information regarding the alleged debt may still be reported.

38. The language contained in Defendant's Letter, reproduced in paragraphs 21 and 33 above, is deceptive and misleading because it gives the impression that the collector merely had chosen not to sue, as opposed to being prohibited by law from doing so.

39. Few consumers know about statutes of limitations or that in many states, including Illinois, making a partial payment on the debt or a promise to do so could result in a waiver of the defense. As a result, the 7th Circuit has held that without a clear warning about the defense, some consumers will choose to pay their stale debts not out of a moral obligation, but because they fear the consequences of not doing so. *Richardson v. LVNV Funding, LLC*, No. 16 C 9600, 2017 U.S. Dist. LEXIS 179746, at *7 (N.D. Ill. Oct. 31, 2017).

40. The language contained in Defendant's Letter, reproduced in paragraphs 21 and 33 above, is deceptive and misleading because it implies that as long as the credit information regarding a debt is not regarding "payment or non-payment", then Defendant may continue to report information about the alleged debt to a "credit bureau", even though it may not legally do so.

41. An unsophisticated consumer who read the collection letter that Plaintiff received could have been led to believe that his debt was legally enforceable. Fearing the consequences of not paying the debt, the misconception could influence the consumer to pay up, even though he preferred to ignore the letter. Moreover, and more importantly, misconceptions about the enforceability of a time-barred debt could lure consumers into a *worse* legal position than had they done nothing. *Id*. at *12-13.

42. Defendant's Letter contains materially deceptive, false and misleading statements, and an unsophisticated consumer could, in reliance on the information contained in the Letter, unwittingly decide to pay a debt that the consumer would not have paid had the consumer known that making a partial payment could reset the statute of limitations and/or known that the debt is too old to sue open, and/or known that the debt cannot be reported in *any* manner on his credit.

**COUNT I**

**Violation of the FDCPA (Class)**

43. Plaintiff incorporates herein by reference paragraphs 1-42.

44. Plaintiff brings this action individually and on behalf of the following putative Class:

> **All persons with Illinois addresses to whom Defendant mailed, from September 24, 2017 through September 24, 2018, a letter containing the following statement: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. In addition, we will not restart the statute of limitations on the debt if you make a payment."**

45. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims. On information and belief, there are more than 1,000 persons meeting the above-referenced Class definition. Class members can be identified through Defendant's records.

46. Plaintiff's claims are typical of the claims of the Class members, as they are based on the same legal theory and arise from the same unlawful conduct.

47. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

   a. Whether Defendant mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that Defendant could not sue to collect the alleged debt;

   b. Whether Defendant mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that if alleged debtors made any payment toward the alleged debt, they would revive the legal ability to be sued on the alleged debt;

   c. Whether Defendant mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that alleged debtors had the option of not paying anything toward the alleged debt without any legal repercussions;

   d. Whether Defendant mailed form letters to persons with Illinois addresses that indicated that Defendant may, if a debt is not paid, continue to report information regarding a debt other than whether payment or nonpayment of the debt was made;

   e. Whether Defendant's sending of the form letters violated the FDCPA.

48. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

49. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

50. 15 U.S.C. § 1692e(2) prohibits:

> **(2)** The false representation of—
>
> **(A)** the character, amount, or legal status of any debt….

51. The Letter violates 15 U.S.C. § 1692e and 1692e(2) because it falsely represents the character and legal status of the alleged debt.

52. 15 U.S.C. § 1692e(5) prohibits:

> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

53. The Letter violates 15 U.S.C. § 1692e(5) because it threatens to report the debt beyond the time it can legally be reported, and/or beyond the date it intended to report the debt.

54. 15 U.S.C. § 1692e(10) prohibits:

> **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

55. The Letter violates 15 U.S.C. § 1692e(10) because it uses false representations and deceptive means to attempt to collect the alleged debt, including but not limited to: deceptively refraining from communicating material information regarding the enforceability of the alleged debt, deceptively omitting that that a payment would reset the statute of limitations, and threatening to report information about the alleged debt beyond the time it can legally be reported, and/or beyond the date it intended to report the debt.

56. 15 U.S.C. § 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…

57. The Letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by failing to disclose that Defendant cannot sue to collect the alleged debt.

58. The Letter violates 15 U.S.C. § 1692f by failing to disclose that even a partial payment or promise to pay restarts the relevant statute of limitations.

59. The Letter violates 15 U.S.C. § 1692f by unfairly communicating that Defendant may continue to report information about the alleged debt as long as it is not regarding payment of non-payment of the same, when in fact it cannot do so past 7 years and 180 days from the first delinquency, the fact of which is not communicated to the consumer.

60. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Portfolio Recovery Associates, LLC, and award the following:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) equal to any payments received by Defendant in response to the Letter (or similar communication);

    b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such further relief as this Court deems just and proper.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff and the class demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo